# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Dustin Lonnie Marshall, | ) | Case No. 2:21-cv-00201-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Gregory Wayne Abbott; | ) | |
| Warren Kenneth Paxton; | ) | |
| Daniel Hodge; Mark Rusch; | ) | |
| Lynne Finley; Andrea Thompson; | ) | |
| Collin County 401st District Court; | ) | |
| Collin County Sheriff's Office; | ) | |
| Texas Department of Public Safety; | ) | |
| City of McKinney, Texas; | ) | |
| Asad Rahman; Tristin T. Harper; | ) | |
| Stephen C. Strickler; Arthur Skibell; | ) | |
| Kari Bohach; Ryan Bauerle; | ) | |
| Kristin Brady; and | ) | |
| Skibell, Bohach & Archer P.C., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Dustin Lonnie Marshall ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241; 42 U.S.C. §§ 1983, 1985(3), and 1986; and 25 U.S.C. §§ 1911–1914 in relation to certain domestic proceedings that occurred in Collin County, Texas. Under Local Civil Rule 73.02(B)(2) (D.S.C.), the assigned United States Magistrate Judge is authorized to review this case and submit a recommendation to the United States District Judge. For the following reasons, the undersigned recommends that this action be transferred to the United States District Court for the Eastern District of Texas.

## BACKGROUND

The instant action is based on a lengthy and contentious child custody dispute between Plaintiff and the mother of his child that lasted from approximately June 2011 through February 2021

in the 401st District Court in Collin County, Texas.[1] (*See* Case Nos. 401-52774-2011, 401-52526-2011, and 401-55069-2020.) During the first several years of the dispute, Plaintiff's residence shifted between Texas and Washington; however, Plaintiff moved to South Carolina to attend law school sometime after July 2014. (Dkt. No. 13 at 16.) There is no indication that Plaintiff's child or the child's mother ever lived in or visited Plaintiff in South Carolina. Instead, it appears they lived in Texas, Washington, and possibly California during the course of the domestic proceedings.[2] To be sure, the mother filed a motion to revise Plaintiff's visitation rights in June 2016, claiming that it had been three years since Plaintiff saw their child. (*Id.* at 21; Dkt. No. 15-2 at 49–50.) As indicated above, the domestic dispute was ultimately closed in February 2021.[3]

It is against this background that Plaintiff now brings this action seeking relief pursuant to 28 U.S.C. § 2241; 42 U.S.C. §§ 1983, 1985(3), and 1986; and 25 U.S.C. §§ 1911–1914. Specifically, Plaintiff claims that Defendants violated his constitutional rights throughout the course of the domestic dispute and colluded to deprive him of his parental relationship with his child. Plaintiff names the following defendants: Texas Governor Gregory Wayne Abbott; Texas Attorney General Warren Kenneth Paxton; former First Assistant Attorney General Daniel Hodge; former Judge of the 401st District Court Mark Rusch; Collin County District Clerk Lynne Finley; former Collin County District Clerk Andrea S. Thompson; the Collin County 401st District Court; the Collin County

---

[1] A federal court may take judicial notice of the contents of its own records, as well as those records of other courts. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that courts may take judicial notice of other courts' records and proceedings); *see also Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government web sites). The undersigned therefore takes notice of Plaintiff's domestic dispute before the 401st District Court in reaching the recommendation herein. *See* https://apps.collincountytx.gov/JudicialRecords/Search (last visited April 23, 2021) (search limited to Plaintiff's name).
[2] Per the state court's order, "approved" domiciles for the child included Texas, Washington, Oregon, and California. (Dkt. No. 13 at 16.)
[3] At some point during the course of litigation, the mother apparently requested that the dispute be transferred to Clark County, Washington, where she and the child were living. Although the presiding judge granted the motion, Plaintiff claims—and court records indicate—that the action remained before the 401st District Court in Collin County, Texas until its disposition in February 2021. (Dkt. No. 13 at 18–19, 23–24.)

Sheriff's Office; the Texas Department of Public Safety; the City of McKinney, Texas; current and former Texas Assistant Attorney Generals Asad Rahman, Tristin T. Harper, and Stephen C. Strickler; private attorneys Arthur Skibell, Kari Bohach, Ryan Bauerle, and Kristin Brady; and the law firm of Skibell, Bohach & Archer P.C.[4] (Dkt. No. 13 at 1–6.) Plaintiff seeks "an injunction and declaratory judgment from the ongoing harm caused by the unlawful series of actions taken by the collective defendants, and any other just and equitable relief so found by this Court of law and equity." (*Id.* at 25, 49.)

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This Court possesses the inherent authority to review a *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even where the plaintiff has paid the filing fee.[5] *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (per curiam) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (internal citations omitted); *see also Hamilton v. United States*, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *1 (D.S.C. Aug. 26, 2020), *adopted sub nom.*, 2020 WL 5939235 (D.S.C. Oct. 7, 2020) ("It is well established that a court has broad inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, vexatious, or

---

[4] Although not listed in the caption of his Complaint (Dkt. No. 13), Plaintiff's proposed service documents also reference the Office of the Texas Attorney General, Child Support Division, and former attorney for the City of McKinney, Mark S. Houser. (*See* Dkt. No. 17 at 5, 33.)

[5] In other words, the initial review of Plaintiff's case does **not** fall under the purview of 28 U.S.C. § 1915.

brought in bad faith.") (internal citations omitted).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## DISCUSSION

Pursuant to 28 U.S.C. § 1391, a civil action may be brought in the following: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). If an action is filed in the improper venue, the court may dismiss the case, or transfer such case to any district or division in which it could have been brought for the convenience of the parties and in the interests of justice. 28 U.S.C. §§ 1404(a), 1406(a); *see also United States v. Espinoza*, 641 F.2d 153, 162 (4th Cir. 1981) (noting that the decision of whether to transfer or dismiss a case is committed to the sound discretion of the district court); *Rouse v. Nessel*, No. 8:20-cv-00954-DCC-JDA, 2020 WL 6279198, at *8 (D.S.C. July 6, 2020), *adopted*, 2020 WL 4435189 (D.S.C. Aug. 3, 2020) ("A court may raise the issue of defective venue *sua sponte*.").

Here, Plaintiff's claims against Defendants do not meet any of the criteria under 28 U.S.C.

§ 1391. Indeed, none of the Defendants in this action are citizens of or reside in South Carolina, nor did any of the events giving rise to Plaintiff's claims occur in this district. To the contrary, Plaintiff names a number of current and former state and private attorneys who reside and practice law in Texas; several current and former judicial personnel who reside and work in Texas; the Governor of Texas; and other various Texas agencies, courts, and municipalities. (*See* Dkt. No. 1 at 1–6.) Moreover, the crux of Plaintiff's Complaint is the state custody dispute and the rulings issued therein by former Judge Mark Rusch of the Collin County 401st District Court.

Because Collin County is located in the Eastern District of Texas, it appears that venue for this action properly lies in that district, rather than the District of South Carolina. *See, e.g.*, *Rouse*, 2020 WL 6279198, at *8 (finding that the Eastern District of Michigan was the proper venue where all four defendants were residents of Michigan and the judge responsible for the orders of which plaintiff complained was located in Macomb County, Michigan); *Louis v. King Cty. Prosecutor's Off.*, No. 1:16-cv-1592-RMG-SVH, 2016 WL 3410194, at *2 (D.S.C. May 23, 2016), *adopted*, 2016 WL 3410358 (D.S.C. June 15, 2016) (transferring case to the Western District of Washington where plaintiff failed to name any defendants residing in South Carolina and actions giving rise to the complaint occurred within Monroe, Washington); *Pizarro v. McDonald's Rest.*, No. 6:12-cv-1440-JMC-KFM, 2012 WL 2675442, at *4 (D.S.C. June 20, 2012), *adopted*, 2012 WL 2675358 (D.S.C. July 6, 2012), *aff'd*, 491 F. App'x 426 (4th Cir. 2012) (transferring case to the District of Massachusetts wherein six of the eight defendants resided and all defendants were subject to the court's personal jurisdiction).

## CONCLUSION

Thus, for the convenience of the parties and in an abundance of caution for the *pro se* plaintiff here, the undersigned **RECOMMENDS** that this Court transfer—rather than summarily dismiss—the instant case to the United States District Court for the Eastern District of Texas so that the proper

5

district court may evaluate Plaintiff's claims.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

April 28, 2021 Charleston,
South Carolina

**The parties' attention is directed to an important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).