## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| DUSTIN LONNIE MARSHALL, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:21-CV-384-SDJ-CAN |
| v. | § § | |
| GREGORY WAYNE ABBOTT, ET AL., | § § | |
| Defendants. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE REGARDING
<u>COLLIN COUNTY SHERIFF'S OFFICE'S MOTION TO DISMISS [DKT. 63]</u>**

Pending before the Court is Defendant Collin County Sheriff's Office's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) ("Motion to Dismiss") [Dkt. 63]. After reviewing the Motion to Dismiss, and all other relevant filings, the Court recommends the Motion to Dismiss be **GRANTED**, and further recommends Plaintiff's claims against both the Collin County Sheriff's Office and the 401st District Court of Collin County be dismissed, as set forth herein.

### BACKGROUND

*Relevant Procedural History*

On January 19, 2021, *pro se* Plaintiff Dustin Lonnie Marshall ("Plaintiff"), a resident of South Carolina, filed suit in the District Court for South Carolina against Defendants Governor Greg Abbott in his individual and official capacity, Lieutenant Governor Dan Patrick in his individual and official capacity, Attorney General Ken Paxton in his individual and official capacity, the State of Texas Office of Attorney General Child Support Division, and Skibell,

Bohach, & Archer, P.C. [Dkt. 1].[1]  On February 19, 2021, Plaintiff filed an amended complaint – which remains the live pleading [Dkts. 13; 15; 16], naming as Defendants Gregory Abbott, Ken Paxton, Daniel Hodge, Collin County 401st District Court; Judge Mark Rusch, Collin County District Clerk Lynne Finley, Former Collin County District Clerk Andrea Thompson, the City of McKinney, Collin County Sheriff's Office, Texas Department of Public Safety, Asad Rahman, Tristin T. Harper, Stephen C. Strickler; Arthur Skibell, Kari Bohach, Ryan Bauerle, Kristin Brady, and Skibell, Bohach & Archer, P.C. [Dkt. 13 at 1].  On May 19, 2021, Plaintiff's suit was transferred from South Carolina to the Eastern District of Texas [Dkt. 23], and, on May 20, 2021, was assigned to U.S. District Judge Sean D. Jordan and referred to the undersigned for consideration [Dkt. 25].  Relevant herein, Defendant Collin County 401st District Court has not been served.[2]

*Summary of Plaintiff's Live Pleading (the Amended Complaint)*

Plaintiff's claims arise out of a child-custody dispute that originated in Texas state court, specifically the 401st District Court in Collin County, Texas [Dkt. 13 at 11].[3]  Plaintiff takes issue with various orders issued by the Texas state court that govern, but did not terminate, the parent-child relationship with his minor child, D.M. [Dkt. 13 at 7-16].  Plaintiff claims both himself and

---

[1] Dan Patrick and the "Office of Attorney General Child Support Division" are not named as defendants in the live complaint, nor were they issued summons or served with the amended complaint [*See docket generally*]. The District Court of South Carolina terminated both Parties upon filing of the amended complaint [Dkt. 14].

[2] Plaintiff filed returns of service as to Defendants Thompson, Skibell, Rahman, City of McKinney, Collin County Sheriff's Office, Hodge, Abbott, Bohach, Paxton, Finley, Rusch, Bauerle, Skibell, Bohach & Archer, P.C., Strickler, Harper, and Texas Department of Public Safety [Dkts. 73; 74; 75; 76; 77; 78; 79; 80; 81; 82; 83; 84; 85; 86; 87; 88]. No return of service was filed for Defendants Collin County 401st District Court and Kristin Brady.  No summons was issued as to Defendant Collin County 401st District Court [*See docket generally*].  Summons was returned unexecuted as to Defendant Kristin Brady [Dkts. 95; 96], however, she has appeared in this matter [Dkt. 67].

[3] Approximately two weeks prior to filing the instant suit in the District Court of South Carolina, on December 20, 2020, Plaintiff filed a suit nearly identical to the instant cause here in the Eastern District of Texas. *Marshall v. Carter*, No. 4:20-CV-00993-SDJ-CAN, 2021 WL 2980716, at *1 (E.D. Tex. June 15, 2021), *report and recommendation adopted*, No. 4:20-CV-993-SDJ, 2021 WL 4316620 (E.D. Tex. Sept. 23, 2021).  The Court dismissed Plaintiff's claims for lack of subject matter jurisdiction. *Marshall v. Carter*, No. 4:20-CV-993-SDJ, 2021 WL 4316620, at *2 (E.D. Tex. Sept. 23, 2021).

his son D.M. "are direct descendants of Nisqually Indians," and that Plaintiff resided with the Nisqually Indian Tribe in Olympia, Washington, at the time he was "subject of two emergency ex parte temporary restraining orders" [Dkt. 13 at 3]. Plaintiff asserts three claims: (1) "writ for habeas relief from Texas state court orders and judgments" under 28 U.S.C. § 2254; (2) violation of "constitutional and federal law rights," including "court process" for alleged lack of notice of child support proceedings, "depriv[ation] of constitutionally adequate notice" under 25 U.S.C. §§ 1911-1914, the Indian Child Welfare Act of 1978 ("ICWA"), violation of religious rights of American Indians, discrimination in the pursuit of a federally funded education, deprivation of the "enjoyment of federally protected lands," and a claim for deprivation of beneficiary rights to tribal healthcare services, and (3) conspiracy to injure his civil rights in violation of § 1985 [Dkt. 13 at 25-36, 45-48]. At their heart, each of Plaintiff's claims allege certain of the state court child custody and child support orders deprived him of due process and notice required by ICWA and functionally terminated his parental rights [Dkt. 13 at 26, 29-30, 32-34, 36, 43, 47-48].

The allegations against the Collin County Sheriff's Office are virtually non-existent. The Sheriff's Office is mentioned only twice in the live pleading– in the introductory paragraph and in a brief statement that the County Sheriff's Office is "an arm of the executive branch of the state, charged by law with enforcing federal and state law," which Plaintiff alleges "furthers the unconstitutional policy or custom" of the other Defendants [Dkt. 13 at 44]. No other references to the Sheriff's Office can be found. Indeed, the Sheriff's Office is not listed in the style of the live pleading, or the "Parties" section, nor does Plaintiff identify any "facts" whatsoever related to the Sheriff's Office.

## COLLIN COUNTY SHERIFF'S OFFICE MOTION TO DISMISS

Numerous motions to dismiss have been filed in this cause. On August 3, 2021, Defendant Collin County Sheriff's Office filed the instant Motion to Dismiss [Dkt. 63]. Defendant's Motion argues that dismissal of Plaintiff's claims under Rule 12(b)(6)[4] is proper because it is a nonjural entity, and its lack of jural existence renders it incapable of being sued [Dkt. 63 at 2]. On August 4, 2021, the Court ordered Plaintiff to file a response to the Motion to Dismiss on or before September 1, 2021 [Dkt. 68]. Plaintiff has not filed a response to the Motion.[5]

To reiterate, the pending Motion to Dismiss presents a narrow issue of law: whether the Collin County Sheriff's Office has jural existence and can even be a proper party to this action [Dkt. 63 at 2]. Under the Federal Rules of Civil Procedure, a party in a lawsuit must have the capacity to be sued. FED. R. CIV. P. 17(b). "The capacity of an entity [such as a sheriff's office] to be sued is 'determined by the law of the state in which the district court is held.'" *Hutchinson v. Box*, No. 4:10-CV-240, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010) (quoting FED. R. CIV. P. 17(b)), *report and recommendation adopted*, No. 4:10-CV-240, 2011 WL 839864 (E.D. Tex. Feb. 17, 2011). An agency or department of a state may not be sued unless it "enjoy[s] a separate legal existence." *Cortes v. Havens*, No. 3:14-CV-1044-B, 2014 WL 6861245, at *6 (N.D. Tex. Dec. 5, 2014). "In *Darby*, the Fifth Circuit held that 'unless the true political entity has taken

---

[4] Defendants seek relief under Rule 12(b)(6). A 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. Fed. R. Civ. P. 12(b)(6); *see Evans v. Reeves Cnty. Det. Ctr.*, No. P-09-CV-50, 2010 WL 11601267, at *1 (W.D. Tex. Apr. 27, 2010) ("The proper vehicle for the instant Motion to Dismiss [on the basis of nonjural entity] is Rule 12(b)(6)."); *Bowling v. Clerk of Ct., Fifth Dist. Ct. of App.*, No. 4:18-CV-610-ALM-CAN, 2019 WL 2526533, at *5 (E.D. Tex. Mar. 8, 2019) (finding Rule 12(6)(6) the proper vehicle for a motion to dismiss based upon claims against a nonjural entity), *report and recommendation adopted sub nom. Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019), *reconsideration denied*, No. 4:18-CV-610, 2020 WL 5096569 (E.D. Tex. Aug. 28, 2020); *Cortes v. Havens*, No. 3:14-CV-1044-B, 2014 WL 6861245, at *7 (N.D. Tex. Dec. 5, 2014) ("Because Rockwall County Sheriff's Office [a nonjural entity] is not amenable to suit, Plaintiffs' claims and request for punitive damages against the entity are without merit and are DISMISSED WITH PREJUDICE.").
[5] *See* Local Rule CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.'" *Halton v. Duplantis*, No. 3:12-CV-4274-B-BH, 2013 WL 1148758, at *4 (N.D. Tex. Mar. 1, 2013) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)), *report and recommendation adopted*, No. 3:12-CV-4274-B, 2013 WL 1155436 (N.D. Tex. Mar. 20, 2013). "A plaintiff has the burden of showing that a . . . department has the capacity to be sued. However, if a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim." *Rhodes v. Lewisville Police Dep't*, 4:20-CV-00007-SDJ-CAN, 2020 WL 8513792, at *3 (E.D. Tex. Dec. 2, 2020), *report and recommendation adopted*, 4:20-CV-007-SDJ, 2021 WL 515398 (E.D. Tex. Feb. 11, 2021); *Hutchinson*, 2010 WL 5830499, at *1.

Plaintiff has not alleged that the Collin County Sheriff's Office has been granted the power to sue or be sued by Collin County nor that any entity has provided it jural authority to engage in litigation. The Collin County Sheriff's Office does not have a separate legal existence. The Eastern District of Texas and numerous other federal courts in Texas have repeatedly and consistently held that a county's Sheriff's Office is a nonjural entity that is not amenable to suit. *See Chumley v. Smith County Sheriff's Office*, No. 6:18-CV-336, 2018 WL 6933462, at *1 (E.D. Tex. Nov. 6, 2018), *report and recommendation adopted*, No. 6:18-CV-336, 2019 WL 108485 (E.D. Tex. Jan. 4, 2019) (finding Sheriff's Office is a non-jural entity); *Charboneau v. Davis*, No. 4:13-CV-00678-ALM-CAN, 2017 WL 9250306, at *6 (E.D. Tex. Feb. 16, 2017) ("Plaintiff has not pleaded that Collin County has granted the County Department Defendants jural authority [] the Court recommends each and every of Plaintiff's claims against the [Sheriff's Office] should be dismissed for failure to state claim"), *report and recommendation adopted sub nom.*

*Charboneau v. Box*, No. 4:13-CV-678, 2017 WL 1159765 (E.D. Tex. Mar. 29, 2017); *see also Thomas v. Harris Cnty. Sheriff's Dep't,* No. H-18-1800, 2019 WL 1201984, at *2 (S.D. Tex. Mar. 14, 2019) ("the Sheriff's Department lacks capacity and is not subject to suit."); *Phillips v. Dallas Cnty. Sheriff's Dep't*, No. 3:16-CV-2680-D, 2017 WL 658749, at *2 (N.D. Tex. Jan. 12, 2017), *report and recommendation adopted*, No. 3:16-CV-2680-D, 2017 WL 635086 (N.D. Tex. Feb. 16, 2017); *Aguirre v. Harris Cnty. Sheriff's Office*, No. H-11-3440, 2012 WL 6020545, at *2 (S.D. Tex. Nov. 30, 2012) (finding Sheriff's Office cannot be sued as an independent entity).[6] Accordingly, Plaintiff's claims must be dismissed with prejudice under Rule 12(b)(6) for failure to state a claim because the Collin County Sheriff's Office is a nonjural entity with no capacity to be sued.[7]

## UNSERVED DEFENDANT COLLIN COUNTY 401ST DISTRICT COURT

Also named as a Defendant in this cause is Collin County 401st District Court. More than 90 days have passed from the date of filing of Plaintiff's Complaint. It is undisputed that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Service of process in a federal action is governed generally by Rule 4 of the Federal Rules of Civil Procedure. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[6] Defendant's Motion cites more than 15 opinions issued by the Eastern District of Texas for this well-established proposition [Dkt. 63 at 4-5].
[7] Dismissal with prejudice is appropriate in this case. *See Fuller v. Henderson Cnty.*, No. 6:16CV1301, 2018 WL 4087559, at *2 (E.D. Tex. Aug. 6, 2018) (dismissing with prejudice plaintiff's claims against a non-jural entity), *report and recommendation adopted*, No. 6:16CV1301, 2018 WL 4053779 (E.D. Tex. Aug. 24, 2018); *Cortes*, 2014 WL 6861245, at *7 (same). Plaintiff has already once amended his complaint in this cause.

FED. R. CIV. P. 4(m). To date, the Collin County 401st District Court has not been served in this matter [*See docket generally*]. Summons was not issued by the Clerk of Court, and Plaintiff never requested summons to be issued or requested an extension of time to serve. *Pro se* litigants are not absolved from compliance with the requirements of Rule 4. *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). Because the Court is without personal jurisdiction over unserved defendants, Plaintiff's claims against them must be dismissed. *See Williams v. Lambright*, No. 4:19-CV-00342-ALM-CAN, 2020 WL 949205, at *1 (E.D. Tex. Jan. 22, 2020) (collecting cases) ("A federal court is without personal jurisdiction over a defendant unless the defendant is served under Rule 4. . . . Thus, it is respectfully recommended that Plaintiff's claims against the unserved defendants be dismissed."), *report and recommendation adopted*, No. 4:19-CV-342, 2020 WL 924213 (E.D. Tex. Feb. 26, 2020); *Stewart v. City of Irving*, No. 3:17-CV-3296-G-BK, 2018 WL 2323257, at *1 (N.D. Tex. Apr. 16, 2018) (recommending dismissal under Rule 4(m) for failing to serve defendants within 90 days), *report and recommendation adopted*, No. 3:17-CV-3296-G (BK), 2018 WL 10435253 (N.D. Tex. May 1, 2018); *Ceasar v. United States*, No. 1:18-CV-560, 2019 WL 2112993, at *1 (E.D. Tex. Mar. 28, 2019) (citing *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990)) (under Rule 4(m), "dismissal is mandatory absent a showing of good cause"), *report and recommendation adopted sub nom. Ceaser v. United States*, No. 1:18-CV-560, 2019 WL 2114026 (E.D. Tex. May 13, 2019). Because Collin County 401st District Court has not been properly served, and no good cause exists to extend the time for service any further, the Court *sua sponte* recommends that Plaintiff's claims be dismissed against Collin County 401st District Court under Federal Rule of Civil Procedure 4(m).

Even had this Defendant been properly served, it would be subject to *sua sponte* dismissal by this Court for the same reasons as Defendant Collin County Sheriff's Office; Collin County

401st District Court is also a nonjural entity.[8] Federal courts in Texas have uniformly held that courts are nonjural entities that are not subject to suit. *See Fleming v. Sixth Dist. Ct. of Lamar Cnty.*, 4:20-CV-00025-RWS-CAN, 2020 WL 8299710, at *2 (E.D. Tex. Dec. 23, 2020) (finding that the Sixth District Court of Lamar County is a nonjural entity and plaintiff's claims should be *sua sponte* dismissed), *report and recommendation adopted*, 4:20-CV-00025-RWS-CAN, 2021 WL 274444 (E.D. Tex. Jan. 27, 2021); *Perez v. Dallas Cnty. Cts.*, No. 3:20-CV-01761-L (BT), 2020 WL 7049159, at *2 (N.D. Tex. Oct. 27, 2020) (*sua sponte* dismissing because "[i]t is well-established that a county court is a nonjural entity that is not subject to suit."), *report and recommendation adopted*, No. 3:20-CV-1761-L-BT, 2020 WL 7047057 (N.D. Tex. Nov. 30, 2020); *Story v. Ellis Cnty. Ct. 40th Dist.*, No. 3:19-CV-1994-B-BN, 2019 WL 5580143, at *1 (N.D. Tex. Aug. 30, 2019) (*sua sponte* dismissing Plaintiff's claims because "[Plaintiff] asserts claims against two non-jural entities: Defendants Ellis County Courts 40th District and Ellis County Jail."), *report and recommendation adopted*, No. 3:19-CV-1994-B, 2019 WL 5579468 (N.D. Tex. Oct. 29, 2019); *Banargent v. Tex. Ct. of Crim. App.*, No. A-10-CA-358-SS, 2010 WL 2430766, at *1 (W.D. Tex. June 15, 2010) (quoting *Smithback v. Texas*, No. 307-CV-0288-M, 2007 WL 1518971, at *13 (N.D. Tex. May 24, 2007) ("[T]he Dallas County District Attorney's Office . . . and the 265th Judicial District Court . . . are non-jural entities that are not subject to suit. The § 1983 claims against these defendants necessarily fail.")) (dismissing plaintiff's case *sua sponte* for failure to state a claim because "[t]he 240th Judicial District Court of Fort Bend County is not a legal entity capable of being sued."). Because the Collin County 401st District Court is a nonjural entity, Plaintiff's claims against it are subject to dismissal for this additional reason.

---

[8] The court possesses the inherent authority to dismiss a party (or claims) *sua sponte*. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant Collin County Sheriff's Office's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) [Dkt. 63] be **GRANTED**, and Plaintiff's claims against Defendant Collin County Sheriff's Office be **DISMISSED WITH PREJUDICE** as set forth herein.  The Court further *sua sponte* recommends that Plaintiff's claims against Defendant the 401st District Court of Collin County be **DISMISSED** as set forth herein.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 4th day of February, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE